**UNITED STATE DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JEFFREY GIBBS,<br>Plaintiff<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA and CIGNA LTD PLANS<br>Defendant | : | CIVIL ACTION NO:<br>3:01CV320 (AWT)<br><br><br><br><br><br><br>May 19, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTY AND FOR PERMISSION TO FILE AMENDED COMPLAINT**

This civil action was filed on February 27, 2001 by Jeffrey Gibbs, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq., to recover benefits due under an employee welfare plan providing long-term disability benefits. Discovery has been completed and the parties are awaiting a ruling by the Court on the defendants' motion for summary judgment.

The plaintiff, Jeffrey Gibbs, passed away on March 15, 2005. (Affidavit of Elaine B. Gibbs, attached hereto as Exhibit A) Prior to his death, Mr. Gibbs executed a will in which he designated his wife, Elaine B. Gibbs, as the representative and executrix of his estate. (Id.) Mrs. Gibbs has decided to continue to prosecute this civil action on behalf of the estate. (Id.)

DISCUSSION

Rule 25(a)(1) of the Federal Rule of Civil Procedure provides that, "If a party dies and the claim is not extinguished, the court may order substitution of the proper parties." The claim at issue in this proceeding involves the deceased plaintiff's long-term disability benefits. Mr. Gibbs was received monthly long term disability (LTD) benefits from the defendants from May 1, 1996, until he passed away on March 15, 2005. (See, Defendants' Local Rule 9(c)(1) Statement, 8/5/2002). The claim in the present case is over whether the amount of those monthly benefits - the plaintiff claims that the defendants incorrectly calculated the benefits and as a result paid him substantially less that the amount he was entitled to receive under the terms of the LTD Plan.

Because it is well settled that causes of action founded on remedial statutes generally survive the death of a party, and ERISA is commonly recognized as a remedial statute, courts which have addressed the issue have concluded that ERISA claims survive the death of the plaintiff/beneficiary and that substitution of the plaintiff's executor is therefore appropriate. See, Harrow v. Prudential Insurance Company of America, 279 F.3d 244, 248 (3rd Cir. 2002); Clarke v. Ford Motor Company, 220 F.R.D. 568, 574 (E.D. Wis. 2004); see also, Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp 713, 716-717 (S.D. N.Y. 1993)(Recognizing right of substitution of representative of estate of deceased defendant in ERISA action for breach of fiduciary duties.) The plaintiff is not aware of any contrary authority.

For the foregoing reasons, we respectfully request that the Court grant the plaintiff's motion for substitution and for permission to file the Amended Complaint.

Respectfully submitted,

Gregg D. Adler ct05698
Livingston, Adler, Pulda, Meiklejohn
& Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
(860) 233-9821

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Plaintiff's Memorandum of Law in Support of Motion for Substitution of Party and for Permission to File Amended Complaint has been mailed, first-class, postage prepaid on this 19th day of May, 2005 to the following counsel of record:

Vaughan Finn
Linda Yoder
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103-1919

Gregg D. Adler

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEFFREY GIBBS,
Plaintiff

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA and CIGNA LTD PLANS
Defendants

CIVIL ACTION NO.
301CV320 (AWT)

May 6, 2005

**AFFIDAVIT OF ELAINE B. GIBBS**

1. My name is Elaine B. Gibbs and I reside at 152 Cross Street, Chatham, Massachusetts. I am over 18 years of age and I understand the meaning of an oath.

2. My husband, Jeffrey Gibbs, who is the plaintiff in the above-captioned civil action, passed away on March 15, 2005.

3. Prior to his death, my husband executed a will in which he designated me as the beneficiary and executrix of his estate.

4. I intend to continue the prosecution of this action and to amend the complaint in this matter to substitute myself as the representative of my husband's estate.

5. The estate will continue to be represented by Gregg D. Adler and the law firm of Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., and I have instructed Attorney

Adler to take all necessary steps to request the Court to substitute myself as the plaintiff in place of my late husband.

I have read the foregoing affidavit and swear that it is true and correct to the best of my knowledge and belief.

Elaine B. Gibbs

Sworn and subscribed to before me on this 12th day of May, 2005.

Notary Public/~~Commissioner of the~~ Superior Court

DIANE THIBAULT, Notary Public
My commission expires: January 26, 2007

