UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELAINE B. GIBBS, EXECUTOR OF THE ESTATE OF JEFFREY GIBBS,<br>Plaintiff<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA and CIGNA LTD PLANS<br>Defendant | CIVIL ACTION NO:<br>3:01CV320 (AWT)<br><br><br><br><br><br><br><br><br>May 19, 2005 |

## AMENDED COMPLAINT

JURISDICTION AND VENUE

1. This a proceeding brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., to recover benefits due a participant in an employee welfare benefit plan.

2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §1132(e) and 28 U.S.C. § 1331.

3. Venue is appropriate under 28 U.S.C. §1391 (b) and (c) and 29 U.S.C. §1132(e)(2), because this is the district in which the claim arose.

PARTIES

4. The plaintiff Elaine B. Gibbs is the executrix of the estate of her deceased husband, Jeffrey Gibbs and is a citizen of the United States who is actually residing in Chatham, Massachusetts. At all times relevant herein, Mr. Gibbs was an employee of Connecticut General Life Insurance Company (CGLIC), a wholly-owned subsidiary of

- 2 -

Defendant CIGNA Corporation. As a result of his employment with CGLIC, Mr. Gibbs was and is a participant and a beneficiary in the CIGNA Basic Long-Term Disability Plan and the CIGNA Supplemental Long-Term Disability Plan (hereinafter referred to collectively as "CIGNA LTD Plans"). Mr. Gibbs, passed away on March 15, 2005. Prior to his death, Mr. Gibbs executed a will in which he designated his wife, Elaine B. Gibbs, as the representative and executrix of his estate. Mrs. Gibbs has decided to continue to prosecute this civil action on behalf of the estate and will now be the named plaintiff as Executor of the Estate of Jeffrey Gibbs.

5. Defendant, CIGNA Corporation ("CIGNA") is a Delaware corporation with an office and place of business located in Bloomfield, Connecticut. At all times relevant herein, CIGNA has been the policyholder of the insurance provided by the CIGNA LTD Plans and as such has been an administrator of an employee welfare benefit plan within the meaning of ERISA §3(16), 29 U.S.C. §1002(16).

6. Defendant Life Insurance Company of North America ("LICNA"), is a Pennsylvania Corporation with a principal place of business located in Philadelphia, Pennsylvania, and is a wholly-owned subsidiary of defendant CIGNA. At all times relevant herein, LICNA has been a fiduciary of an employee welfare benefit plan within the meaning of ERISA §3(16), 29 U.S.C. §1002(16), in that it exercises discretionary authority, responsibility, and/or control respecting the administration of the CIGNA LTD Plans.

7. Defendant CIGNA LTD Plans is an employee welfare benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3).

- 3 -

## STATEMENT OF THE CLAIM

8. Mr. Gibbs has been employed by CGLIC since June 1969. Prior to January, 1994, he was employed by CGLIC as Regional Vice President, Springfield Agency, which was located in Springfield, Massachusetts.

9. In or about November 1993, Senior Vice President John Gotta notified Mr. Gibbs that he would be asked to take a new position as Vice President, New England Brokerage, in CCLIC's Bloomfield office.

10. In or about December 1993, the plaintiff and CGLIC, through its agents and representatives, agreed to the terms of an employment contract for Mr. Gibbs' new position as New England Brokerage Vice President. The terms of that contract were later reduced to writing and signed by CGLIC Senior Vice President John H. Gotta.

11. Under the terms of his employment contract, Mr. Gibbs was to receive a guaranteed base salary of $150,000 for 1994, 1995, and 1996.

12. During the three years prior to 1994 Mr. Gibbs did not have a guaranteed salary, but instead received variable compensation.

13. As a result of severe migraine headaches and depression, Mr. Gibbs has been totally disabled from working since October 18, 1995.

14. At the time he became disabled, Mr. Gibbs participated in both of the CIGNA LTD Plans.

15. Under the terms of the CIGNA Basic LTD Plans, defendant CIGNA provides eligible employees with an LTD benefit of 50 percent of the employee's "eligible earnings."

16.    Under the terms of the Supplemental LTD Plan, defendant CIGNA provides eligible employees with an additional LTD benefit of 15 percent of the employee's eligible earnings. Employees who chose to participate in the Supplemental LTD Plan pay a premium which is calculated on a yearly basis.

17.    Mr. Gibbs has received monthly benefit payments for total disability from the CIGNA LTD Plans from May 1, 1996 through March 15, 2005.

18.    Based upon the combination of the Basic and Supplemental LTD Plans, Mr. Gibbs was entitled to a total LTD benefit payment based upon 65% of his "eligible earnings."

19.    Under the terms of the CIGNA LTD Plans, eligible earnings are calculated approximately every July of the "preceding enrollment year," that is the enrollment year preceding the enrollment year in which disability begins. Because the eligible earnings figure is "frozen" when short term disability begins, the Plans required that the plaintiff's benefit amount be determined based on his eligible earnings for 1995 - which would have been calculated in July 1994.

20.    Under the terms of the Plans in effect when the plaintiff became disabled in 1995, there were two different methods for calculating the eligible earnings amount, one for employees described as "CIGNA Financial Advisors Associates and Staff People," (hereinafter "CFA Associates") and the other for "Employees Other Than CIGNA Financial Advisors Associates and Staff People," (hereinafter "Non-CFA Associates").

21.    At the time he became disabled, Mr. Gibbs was not a CFA Associate.

- 5 -

22. The formula for calculating eligible earnings for Non-CFA Associates was to add the employee's annual salary in effect just prior to the date disability begins to the average of the variable compensation earned by the employee during the prior three years.

23. The average of Mr. Gibbs' variable compensation for 1991, 1992 and 1993 was $200,083.

24. Mr. Gibbs' eligible earnings for purposes of determining his benefit payments under the CIGNA LTD Plans was $350,083 (1994 annual salary of $150,000 plus prior three year average of variable compensation of $200,083).

25. In August of 1995, Mr. Gibbs received a statement from defendant CIGNA indicating that his eligible earnings amount was $342,073. Based upon that statement, Mr. Gibbs elected to continue his coverage under the Supplemental LTD Plan, and agreed to pay an annual premium of $1,026.

26. The LTD benefits actually paid to Mr. Gibbs have been based upon an eligible earnings figure of $200,083.

27. As a result of the incorrect calculation of Mr. Gibbs' eligible earnings, the LTD benefits to which he is entitled under the terms of the CIGNA LTD Plans have been underpaid by $8,125 per month, and his group term life insurance coverage has been and continues to be incorrectly set at $200,083 instead of $350,083.

28. Through a series of correspondence beginning in January 1997, Mr. Gibbs plaintiff has repeatedly requested CIGNA to adjust his benefit payments to correct the erroneous eligible earnings calculation.

- 6 -

29.     By letter dated March 6, 1998, CIGNA, through its Director of Employee benefits, informed Mr. Gibbs that the eligible earnings calculations would not be adjusted. That letter constituted a final decision of the Plan Administrator on the plaintiff's appeal regarding the eligible earnings calculation.

30.     According to the March 6, 1998 letter, Mr. Gibbs' appeal was denied based upon the finding that the plaintiff "did not receive a base salary in 1994," but that his "compensation package was solely based on brokerage sales activities." The letter further stated that Mr. Gibbs "did have access to an advance on his earnings, a draw in the amount of $150,000 which allowed him an even flow of income during the year with a reconciliation based on the actual performance of the office at the end of the year."

31.     These findings about Mr. Gibbs' 1994 compensation were inaccurate.

32.     By letter dated March 10, 1998, Mr. Gibbs, through counsel, requested that the Plan Administrator's decision be reconsidered because of the incorrect findings about his 1994 compensation. A copy of Mr. Gibbs' contract was attached to the request for reconsideration.

33.     To date Mr. Gibbs has not received any response to the request for reconsideration from any of the defendants.

34.     The defendants' refusal to adjust Mr. Gibbs' benefit payments to reflect the correct eligible earnings amount as described herein violates the provisions of the CIGNA LTD Plans.

35.     Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), the defendants are liable to the plaintiff for payment of the LTD benefit payments that have

- 7 -

been denied as a result of the erroneous calculation of Mr. Gibbs' eligible earnings as described above.

36.    Pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), this Court is authorized to enjoin the defendants from continuing to refuse to apply the proper eligible earnings amount to the calculation of the LTD benefit payments.

- 8 -

## DEMAND FOR RELIEF

WHEREFORE, the plaintiff requests that this Court:

1. Enter judgment finding that defendants have violated ERISA §502, 29 U.S.C. §1132, and the terms of the CIGNA LTD Plans, by refusing to apply the correct eligible earnings figure to the calculation of his LTD benefits;

2. Enjoin the defendants from engaging in acts or practices that violate any provision of ERISA or the terms of the Plan, and order the defendants to recalculate the Mr. Gibbs' LTD benefits and any other related benefits such as group term life insurance, using the correct eligible earnings figure;

3. Award the plaintiff make whole relief;

4. Award the plaintiff appropriate equitable relief;

5. Award prejudgment interest;

6. Award the plaintiff all costs and attorneys fees;

7. Award the plaintiff such other relief as this Court deems appropriate.

THE PLAINTIFF

By: _____
Gregg D. Adler ct05698
Livingston, Adler, Pulda, Meiklejohn
  & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
(860) 233-9821

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing Amended Complaint has been mailed, first-class, postage prepaid on this 19th day of May, 2005 to the following counsel of record:

Vaughan Finn
Linda Yoder
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103-1919

_____
Gregg D. Adler